10-1037-ag
Hu v. Holder

BIA
Nelson, IJ
A099 697 030

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

MING HU,
> *Petitioner,*

v.                                    10-1037-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:    Peter D. Lobel, Joshua E. Bardavid, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ming Hu, a native and citizen of the People's Republic of China, seeks review of a February 22, 2010, order of the BIA, affirming the June 24, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Hu*, No. A099 697 030 (B.I.A. Feb. 22, 2010), *aff'g* No. A099 697 030 (Immig. Ct. N.Y. City June 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Because the BIA assumed Hu to be credible, we do the same. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). As Hu's application for relief was not based on past persecution, but on his fear that he would face future persecution due to his political activities in the United States, he had the burden of proof to establish that his fear of persecution was objectively well-founded. *See Baba v. Holder*, 569 F.3d 79, 86 (2d Cir. 2009); 8 C.F.R. §§ 208.13(b)(1), 1208.16(b)(1). Here, the agency did not err in finding that Hu failed to show that his fear of future persecution was objectively well-founded. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

In concluding that Hu failed to establish his eligibility for relief, the agency considered the grounds for Hu's fear that the Chinese government was likely to become aware of his political activities and reasonably found them insufficient. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). First, the agency reasonably found that Hu failed to show that articles he wrote for the website of the China Democracy Party ("CDP") had attracted the attention of the Chinese authorities or were likely to be published in China, as Hu testified that he did not know

3

if the articles had appeared in China. *See id*. The agency also reasonably determined that although Hu identified himself during an interview with Voice of America, he had not established a reasonable likelihood that the interview would bring his political activities to the attention of the Chinese government, as he testified that the interview was not recorded. *See id*.

Likewise, the BIA reasonably found that Hu's testimony, that he helped send pro-democracy letters or emails to Chinese universities, was insufficient to establish a likelihood that the Chinese government would become aware of his political activities, because he did not show that his name was on the emails, or that his participation could otherwise be traced back to him. *See id*. Finally, the BIA reasonably took note of Hu's testimony that his wife, remaining in China, had not indicated in their weekly phone conversations that the Chinese government had exhibited any interest in him. *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's family members continued to live in applicant's native country unharmed, claim of well-founded fear was diminished).

4

Although Hu argues that because his articles may be obtained via the internet he has sustained his burden of showing a reasonable possibility that the Chinese government will become aware of his political activities, we are not persuaded that the record compels this conclusion. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 574 (1985)).

Hu further argues that the BIA erred in failing to consider his claim that CDP members are subject to a "pattern or practice" of persecution in China. Because the agency determined that Hu failed to show that the Chinese government was likely to become aware of his political activities and affiliation with the CDP, it was unnecessary for the agency to also address whether the Chinese government has exhibited a "pattern or practice" of persecuting CDP activists. *See Hongsheng Leng*, 528 F.3d at 143.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk